UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DE'VON BOWEN                                                                                            Plaintiff

v.                                                                             Civil Action No. 3:22-CV-P207-RGJ

DWAYNE CLARK, *et al.*                                                                             Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff De'Von Bowen's *pro se* complaint [DE 1] pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

### I.

Plaintiff is a pretrial detainee incarcerated in the Louisville Metro Department of Corrections ("LMDC"). He brings this action pursuant to 42 U.S.C. § 1983 against the following Defendants in their official capacities: Dwayne Clark, former LMDC Director; Jerry Collins,[1] current LMDC Director; Justia Tradmark, Owner of Market Square Bakery; and Philip G. Louis, CEO of Olivette Products, LLC.

As his statement of the claim, Plaintiff alleges, "My food from commasary had a nice size piece of rubber inside of it. Which could only come from the place they made the honey bun from start before I sealed it. That rubber come from a machine that was used to make the honey bun." [DE 1, p. 6]. He asserts, "The right that was violated was my 8th and 9th Amendment, less favorable then treatment of others, also cruel and unusual punishment." *Id.*

---

[1] Plaintiff spells this Defendant's name "Jerry Collions," but the Court takes judicial notice that effective March 22, 2022, "Jerry Collins" was appointed as LMDC Director and will use that spelling of Defendant's name. *See* https://louisvilleky.gov/news/mayor-fischer-appoints-jerry-collins-new-director-louisville-metro-corrections.

As relief, Plaintiff seeks punitive damages and "Release/H.I.P."

## II.

When a prisoner seeks relief against governmental entities, officers, and/or employees, the trial court must review the complaint under 28 U.S.C. § 1915A and dismiss the complaint, or any portion thereof, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

## III.

Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although LMDC Defendants Clark and Collins are persons acting under color of state law under § 1983, it is not clear whether Defendants Tradmark and Louis are. If they are not persons acting under color of state law, Plaintiff fails to state a § 1983 claim against them for this reason. If, however, the Court presumes for purposes of this initial review that they are acting under color of state law in providing some form of service to LMDC, Plaintiff still fails to state a claim upon which relief may be granted against them and Defendants Clark and Collins for the following reasons.

Plaintiff sues Defendants in their official capacities only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Clark and Collins are actually against the Louisville Metro Government, and his official-capacity claims against Defendants Tradmark and Louis are against Market Square Bakery and Olivette Products, LLC, respectively.

The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private entities contracted to provide services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d 810, 814 (6th Cir. 1996)).

"A municipality may not be held liable under § 1983 on a *respondeat superior* theory—in other words, '*solely* because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

The complaint contains no allegations even suggesting any alleged harm or wrongdoing was the result of a custom or policy implemented or endorsed by Louisville Metro Government, Market Square Bakery, or Olivette Products, LLC. Plaintiff merely alleges an isolated incident of finding a piece of rubber in a honey bun. Accordingly, the Court will dismiss Plaintiff's official-capacity claims against Defendants Clark, Collins, Tradmark, and Louis for failure to state a claim upon which relief may be granted.

Even if Plaintiff sued Defendants in their individual capacities, his claims against them would fail. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Instead, to establish supervisory liability in a § 1983 action, there must be "a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly

4

participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872–74 (6th Cir. 1982)); *Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

The complaint contains no allegations to support a claim of supervisory liability against Defendants Clark or Collins, former and current LMDC Directors, or against Defendants Tradmark or Louis, as Owner and CEO of private entities.  Plaintiff, therefore, fails to state a claim upon which relief may be granted against Defendants in their individual capacities as well.

For these reasons, the Court will enter a separate Order dismissing the instant action.

Date: October 31, 2022

Rebecca Grady Jennings, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
A961.005